# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DELISA M. WARE, | |
| Plaintiff, | No. C17-88-LTS |
| vs. | **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

## I. INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable C.J. Williams, Chief United States Magistrate Judge. Doc. No. 19. Judge Williams recommends that I reverse the decision of the Commissioner of Social Security and remand this case with instructions pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner has filed an objection (Doc. No. 20) to the R&R and Ware has responded (Doc. No. 21).

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir.

---

[1] On March 6, 2018, the Government Accountability Office stated that as of November 17, 2017, Nancy Berryhill's status as Acting Commissioner violated the Federal Vacancies Reform Act (5 U.S.C. § 3346(a)(1)), which limits the time a position can be filled by an acting official. As of that date, therefore, she was not authorized to continue serving using the title of Acting Commissioner. As of November 17, 2017, Berryhill has been leading the agency from her position of record, Deputy Commissioner of Operations. For simplicity, I will continue to refer to the defendant as "the Commissioner" throughout this order.

2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports and detracts from the Commissioner's decision. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933,

935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of*

*Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Ware alleged disability due to degenerative disc disease in her neck and lower back, fibromyalgia, schizophrenia, right shoulder rotator cuff tear, right-knee osteoarthritis and asthma. AR 25. The ALJ found that each of these impairments except right-knee osteoarthritis were severe. *Id.* The ALJ next determined that Ware retained the Residual Functional Capacity (RFC) to perform "light work" with certain physical restrictions: "[Ware] can only occasionally climb, balance, stoop, kneel, crouch and crawl; she can occasionally lift overhead bilaterally; should avoid concentrated exposure to extreme heat and cold; and should avoid concentrated exposure to pulmonary irritants." AR 26.[2] The ALJ determined that although Ware was no longer capable of performing past relevant work, there are jobs that exist in significant numbers in the national economy that Ware can perform. AR 29. As a result, the ALJ found that Ware was not disabled.

At issue is (1) whether the ALJ erred in finding that osteoarthritis of the knee was not a severe impairment, (2) whether the ALJ's decision was supported by substantial

---

[2] The ALJ also made findings regarding Ware's mental limitations. Ware is not challenging those findings in this case.

4

evidence when the ALJ failed to notice or evaluate Dr. Cromer's opinions, (3) whether the ALJ failed to provide good reasons for discounting the treating doctor's medical source opinion, and (4) whether the ALJ's Step Five findings were erroneous because the ALJ failed to resolve a conflict between the RFC's overhead lifting limitations and the lifting requirements of the jobs identified by the vocational expert. Because Judge Williams' conclusions regarding Dr. Farrell's opinion affected the analysis of the other alleged errors, I will discuss that issue first.

### A.   *Dr. Farrell's Opinions*

Judge Williams determined that the ALJ did not provide good reasons for discounting Dr. Farrell's opinion:

> In this case, the ALJ found that Dr. Farrell's opinion "that the claimant could not work an eight-hour workday" because of physical impairments was "entitled to little weight because it is inconsistent with the weight of the objective medical findings, as noted above in discussion of exhibits 19F and 20F, and others." (AR 28). Exhibit 19F is the treatment records from the University of Iowa Hospitals and Clinics (where Dr. Farrell worked) for the period of February 4, 2013, to February 5, 2016. (AR 696-758). Exhibit 20F is the treatment records from Pain Associates from July 3, 2014, to February 26, 2016. (AR 759-802).
>
> In his written decision, the ALJ discussed Exhibits 19F and 20F with regard to two issues. First, the ALJ cited Exhibit 19F in concluding that claimant's abdominal pain and constipation were not severe impairments. (AR 25). Claimant is not arguing the ALJ erred in that conclusion, so the ALJ's reference to Exhibit 19F is irrelevant as to the standing/walking limitation. The ALJ cited Exhibit 20F in discussing his conclusion that claimant's right knee osteoarthritis was not a severe impairment and to show that claimant had a normal gait, station, and balance. (*Id.*).
>
> The ALJ again discussed Exhibits 19F and 20F in concluding that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 27). In referencing Exhibit 19F, the ALJ noted that claimant "underwent arthroscopy and

5

rotator cuff debridement with distal clavical excision in November 2015 . . . . However, her most recent examination by a physician recorded no abnormal findings of her neck, lungs, back, or shoulder." (*Id.*). Again, the citation to Exhibit 19F is irrelevant to the issue of whether the medical records are inconsistent with Dr. Farrell's standing/walking limitation. The ALJ cited Exhibit 20F for the proposition that "[i]n February 2015, examination found a normal gait, station and balance." (*Id.*).

\*\*\*

I find the ALJ's explanation for discounting the weight given to Dr. Farrell's opinion regarding claimant's standing/walking limitation is inadequate. The ALJ's references to Exhibit 19F are wholly irrelevant to the issue. The ALJ's references to Exhibit 20F are, at most, clues as to what the ALJ found inconsistent between then and Dr. Farrell's opinion. The ALJ does not explain how he found inconsistencies between claimant's normal gait, station, and balance and Dr. Farrell's opinion regarding how long claimant could stand and walk in an eight-hour workday. The ALJ fails to cite any medical records or opinions that demonstrates that these are inconsistent. IT is not sufficient for the ALJ to simply pronounce they are inconsistent; to do so creates the appearance of the ALJ "playing doctor." *Pate-Fires v. Astrue*, 564 F/3d 935, 946-47 (8th Cir. 2009).

The ALJ found claimant has the severe impairments of cervical degenerative disc disease, mild lumbar degenerative disease, and fibromyalgia. (AR 25). With these impairments come pain, as reflected in Dr. Farrell's medical treatment records. The ALJ has failed to explain how claimant's normal gait, station and balance means that she does not suffer such pain from these conditions that it would prevent her from standing or walking for more than two hours in a day.

Finally, the ALJ's reference to "other" exhibits in discounting the weight he afforded to Dr. Farrell's opinion is of no assistance. (AR 28). The ALJ provided no reference to any specific medical records, nor any indication of what he believed those records showed and how they were inconsistent with Dr. Farrell's opinion. On review, the Court cannot evaluate the soundness of the ALJ's conclusions based on unidentified "other" exhibits and when the ALJ fails to explain how those other unidentified records are inconsistent with a treating physician's opinion.

6

Doc. No. 19 at 14-16. Therefore, Judge Williams recommended reversing the ALJ's decision and remanding this case with instructions for the ALJ to properly evaluate the treating source opinion. *Id.* at 16.

### B. *Osteoarthritis*

After concluding that the ALJ erred in evaluating Dr. Farrell's treating source opinion, Judge Williams considered whether the ALJ's conclusion that Ware's right-knee osteoarthritis was not severe was supported by substantial evidence.

> In this case, the ALJ found claimant had been diagnosed with osteoarthritis of the right knee. (AR 25). A diagnosis of that condition, however, does not itself establish that the condition significantly limited claimant's ability to perform basic work activities. "A diagnosis alone is an insufficient basis for a finding that an impairment is severe." *Wilber v. Astrue*, 09-CV-04235-NKL, 2010 WL 2772313, at *9 (W.D. Mo. July 12, 2010). *See also Buckner v. Astrue*, 646 F.3d 549, 557 (8th Cir. 2011) (finding that, although the claimant was diagnosed with depression and anxiety, the diagnoses did not by themselves mean the conditions were severe). The ALJ found that despite the diagnosis, claimant's gait, station, and balance were routinely found to be normal. (AR 25, 760, 769, 787, 789, 791, 794, 797, 800, 809). The medical records reflect that claimant consistently had full strength in her legs. (AR 477, 493, 503, 784). They also reflect normal range of motion in claimant's right knee. (AR 471, 761, 765, 769, 771, 777). Moreover, the records reflect that treatment by means of injections were effective in decreasing, but not eliminating, claimant's pain in her right knee. (AR 760-61, 765, 769, 777, 779, 781). Impairments that are improved through treatment so as to allow performance of normal work activities are not severe. *Phillips v. Colvin*, 721 F.3d 623, 631-32 (8th Cir. 2013).
>
> The ALJ also found claimant's activities were inconsistent with a finding that her right knee osteoarthritis was severe in the sense that it would significantly limited claimant's ability to perform basic work activities. Claimant was able to dust, vacuum, wash dishes, perform light housework, prepare meals, and shop. (AR 27, 302-303). She also took care of pets and a grandson, visited family "almost daily," and attended church. (AR 27, 269, 301, 304, 400, 731).

7

> In August 2014, Dr. Cromer opined that claimant could perform light work from December 2013 to March 2014, but that she was reduced to sedentary work from April 2014 onward because of her "ongoing right knee symptoms." (AR 109-115). In August 2015 and March 2016, claimant's treating physician, Dr. Angela Farrell, opined that claimant could only stand and/or walk fewer than two hours per day. (AR 533, 803). [This] opinion support[s] Dr. Cromer's opinion that claimant's right knee symptoms limited claimant to sedentary work. Thus, there is medical evidence that would support a finding that claimant's right knee osteoarthritis impairment was severe because it significantly limited her ability to perform basic work activities.

Doc. No. 19 at 9-11. While noting that the medical records could support both the ALJ's conclusion that Ware's right knee osteoarthritis was not severe and Dr. Farrell's and Dr. Cromer's opinions that it was severe, Judge Williams recommended that the ALJ reconsider the issue on remand. *Id*. at 11. He explained that the error regarding Dr. Farrell's opinion undermined the support of the evidence as a whole for all of the ALJ's medical findings. *Id*. at 11.

## C.    *Dr. Cromer's Opinions*

Judge Williams next considered whether the ALJ's decision was not supported by substantial evidence because the ALJ failed to evaluate Dr. Cromer's opinions. He ultimately concluded that it was unclear whether the ALJ's treatment of Dr. Cromer's opinion resulted in error and, if so, whether the error was harmless:

> First, claimant's assertion that the ALJ "failed to notice" this portion of Dr. Cromer's opinion is not supported by the record. (Doc. 14, at 6). The Court should presume an ALJ properly discharged his duties unless there is clear evidence to the contrary. *See Wilburn v. Astrue*, 626 F.3d 999, 1004-04 (8th Cir. 2010) (noting that the Court should presume that an ALJ carried out his official duties absent clear evidence to the contrary). Indeed, the ALJ noted that he considered "the entire record" and "all the evidence." (AR 23, 26). Although not dispositive, this does support a presumption that the ALJ did, in fact, properly discharge his duties. Further, although the ALJ's decision does not reference Dr. Cromer by

name, it twice references his report. (AR 25, 28). An ALJ must consider all of the evidence, but is not required to discuss every piece of evidence. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).

Second, even if the ALJ failed to consider this portion of Dr. Cromer's report, the Court should not reverse the ALJ's decision if it was harmless error. An error is harmless if it would not change the outcome of the ALJ's decision. *See Welsh v. Colvin*, 765 F.3d 926, 929 (8th Cir. 2014) (holding that ALJ's failure to explicitly consider an applicable Social Security Ruling "had no practical effect on the decision and therefore [was] not a sufficient reason to set aside the ALJ's decision"); *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [claimant] must provide some indication that the ALJ would have decided differently if the error had not occurred."). It is claimant's burden to show that the error was not harmless. *Id.*

Claimant argues the error was not harmless because the ALJ did not include the limitation in the hypothetical question posed to the vocational expert. (Doc. 14, at 7-8). A hypothetical question must include limitations found credibly by the ALJ and supported by the medical record. *See, e.g., Howe v. Astrue*, 499 F.3d 835, 841-42 (8th Cir. 2007); *Pertuis v. Apfel*, 152 F.3d 1006, 1007 (8th Cir. 1998). In order to assess whether the error was harmless, however, the analysis must begin with determining whether substantial evidence supports the ALJ's RFC without the additional limitation.

Doc. No. 19 at 12-13. Because the ALJ's treatment of Dr. Farrell's opinion undermined the support of the record as a whole for the ALJ's RFC, Judge Williams recommended that the ALJ be instructed to more fully consider Dr. Cromer's opinion on remand. *Id.*

### D. The Overhead Lifting Limitations

Finally, Judge Williams considered whether the ALJ erred in failing to clarify an alleged inconsistency between the RFC presented to the vocational expert (VE) and the physical requirements for the jobs the VE opined that a person with Ware's RFC could perform. Judge Williams determined that there was "no conflict apparent" because "the DOT descriptions do not, on their face, indicate that claimant would be required to lift

9

more than 10 pounds over her head frequently." Doc. No. 19 at 17. Therefore, the ALJ did not err in finding there were jobs available that Ware could perform.

## IV. ANALYSIS

Neither party has objected to Judge Williams' conclusions regarding the ALJ's treatment of Dr. Cromer's opinion and the severity of Ware's right-knee osteoarthritis. I find no error, clear or otherwise, with those portions of the R&R. Thus, I agree with Judge Williams that I should remand this case with instructions for the ALJ to reconsider the entire record as it relates to all of Ware's physical impairments, including right-knee osteoarthritis. The Commissioner does object, however, to that portion of the R&R in which Judge Williams recommended that the ALJ be instructed, on remand, to provide a full explanation as to why he afforded little weight to Dr. Farrell's opinions.[3] Doc. No. 20. As such, I will review that issue de novo.

Ware argues that the ALJ failed to identify sufficient "good reasons" to discount Dr. Farrell's opinion regarding sitting and standing limitations. As a result, Ware contends, the ALJ's RFC is not supported by substantial evidence. The ALJ found that Ware had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with limitations related to climbing, balancing, stooping, kneeling, crouching, crawling and lifting overhead. AR 26. By contrast, Dr. Farrell opined that Ware could stand and/or walk less than two hours in an eight hour workday, sit less than six hours, and would need to use a cane. AR 802-03. Further, Ware would need to be able to shift positions between sitting and standing to relieve her pain, and could never

---

[3] In Ware's response to the Commissioner's objections, she objects to Judge Williams' resolution of the alleged conflict between the VE testimony and the DOT requirements for the purported jobs which a person with Ware's RFC could perform. Ware is correct that this issue need not be resolved. In light of the instructions on remand, there will be a need for new VE testimony to determine whether there is appropriate work available in the national economy.

reach overhead bilaterally. *Id.* at 804-05. Although adopting Dr. Farrell's opinions regarding standing and sitting would preclude "light" work, the VE was not presented with a hypothetical that included Dr. Farrell's standing and sitting limitations with Dr. Farrell's other limitations. AR at 65-67.

An opinion by a treating physician must be given "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015) (citation omitted)); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ must give "good reasons . . . for the weight [the ALJ gives a] treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2); *see also Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). By contrast, a consulting expert's opinion is generally entitled to less weight and will normally not constitute substantial evidence, particularly where the opinion is inconsistent with the record as a whole. *Cantrell v. Apfel,* 231 F.3d 1104, 1107 (8th Cir.2000).

It is the ALJ's duty to assess all medical opinions and determine the weight to be given these opinions. *See Finch*, 547 F.3d at 936 ("The ALJ is charged with the responsibility of resolving conflicts among medical opinions."); *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("It is the ALJ's function to resolve conflicts among the various treating and examining physicians.") (citation omitted). However, any physician's conclusion regarding a claimant's RFC addresses an issue that is reserved for the ALJ. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). The ALJ's RFC finding must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of limitations," but "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 931-31 (8th Cir. 2016). If the ALJ's RFC is within the "zone of choice" permitted by the evidence, the court must

affirm. *Culbertson*, 30 F.3d at 939. Ideally, the ALJ will clearly articulate the basis for his or her conclusion, such that the reviewing court is able to determine whether the ALJ has performed this duty as directed.

I agree with Judge Williams that the ALJ failed to provide "good reasons" for discounting Dr. Farrell's opinion. Dr. Farrell was Ware's primary care provider for most of the period of time reflected in the administrative record. She treated Ware for right knee pain, fibromyalgia, migraines, low back pain and mental health issues for approximately two years. Dr. Farrell's opinion was largely consistent with Dr. Cromer's August 2014 opinion, limiting Ware to sedentary work, at most. Yet, the ALJ dismissed Dr. Farrell's opinion as "inconsistent with the weight of the objective medical findings, as noted above in discussion of Exhibits 19F and 20F, and others." AR 28. The referenced discussion largely contains a string of "normal" objective findings as to gait, station, balance, range of motion and muscle strength. As Judge Williams noted, this bare reference "fail[s] to explain how claimant's normal gait, station and balance means that she does not suffer such pain from these conditions that it would prevent her from standing or walking for more than two hours in a day." Doc. No. 19 at 16.

The ALJ's summary dismissal of Dr. Farrell's opinion ignores the wide-spread and persistent nature of Ware's diagnoses. This is particularly true when one considers the scant consideration given to Ware's fibromyalgia diagnosis. The primary reason provided for discounting Ware's statements regarding persistent pain was a lack of positive objective findings related to her gait, station, balance, range of motion and muscle strength – objective findings that are irrelevant to a fibromyalgia diagnosis. *See Pralutsky v. Metro. Life Ins. Co.*, 435 F.3d 833, 835 (8th Cir. 2006); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); *Fishbaugher v. Astrue*, 878 F. Supp. 2d 939, 955 (D. Minn. 2012); *see also* SSR 12-2p (discussing the evaluation of fibromyalgia). Further, the ALJ appears to have placed substantial weight on Ware's reported activities of daily

living without evaluating whether those activities were consistent with the ability to perform full-time competitive work. *Hogg v. Shalala*, 45 F.3d 276, 278-79 (8th Cir. 1995) ("We have repeatedly stated that the ability to do activities such as light housework and visiting with friends provides little or no support for the finding that a claimant can perform full-time competitive work.").

It is possible that on remand, the ALJ may again find that the medical evidence does not support the existence of disabling impairments. However, the ALJ may not reach that conclusion by summarily rejecting evidence consistent with disability. A full analysis of Ware's symptoms, diagnoses and treatment is required. The Commissioner's objection to the R&R is overruled. On remand, the ALJ must fully evaluate Dr. Farrell's RFC opinions pursuant to 20 C.F.R. § 404.1527(c).

## V. CONCLUSION

For the reasons set forth herein:

1. The Commissioner's objection (Doc. No. 20) to the R&R is **overruled**.

2. I **accept** the Report and Recommendation (Doc. No. 19) without modification.

3. The Commissioner's determination that Ware was not disabled is **reversed** and this case is **remanded** to the Commissioner for further proceedings consistent with this order and the Report and Recommendation.

4. Judgment shall enter in favor of the plaintiff and against the defendant.

**IT IS SO ORDERED.**

**DATED** this 17th day of July, 2018.

_____
Leonard T. Strand, Chief Judge